# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL CONDI and TRACY CONDI, | : | No. 3:13cv1100 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| STATE FARM INSURANCE COMPANY, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court for disposition is Defendant State Farm Insurance Company's (hereinafter "State Farm" or "defendant") motion to dismiss Plaintiffs Michael and Tracy Condi's (hereinafter "plaintiffs") complaint, which alleges insurance breach of contract and bad faith. The motion has been fully briefed and is ripe for decision. For the reasons that follow, we will grant the motion in part and deny it in part.

## Background

Defendant State Farm issued a "Homeowner's Insurance Policy" to plaintiffs for the period of June 21, 2011 through June 21, 2012. (Doc. 1-2, Not. of Removal, Ex. A, Compl. (hereinafter "Compl.") ¶ 4). On September 7, 2011, plaintiffs' home was significantly damaged by a severe storm with heavy winds. (Id. ¶ 6). A tree struck the plaintiffs' house and blocked a gutter from properly directing water away from the building. (Id. ¶ 7). Water thus entered the home using the tree and gutter as a funnel. (Id. ¶ 8).

The water extensively damaged the house and most of the plaintiffs' personal property was lost. (Id. ¶¶ 10-11). The plaintiffs could not live in the house for several months after the storm. (Id. ¶ 12). They sustained damages of $71,704.81 as a result of the storm. (Id. ¶ 19).

Plaintiffs submitted a claim to defendant for insurance benefits regarding the storm damage. (Id. ¶ 9). On November 14, 2011, the defendant informed plaintiffs that their insurance claim for damages to personal property was denied. (Id. ¶ 13). State Farm informed them that the claim was denied because the water damage resulted from rain water brought into the house by strong winds and such damage was excluded under the policy. (Id. ¶ 14). The final denial of the claim was issued in the end of December 2011. (Id. ¶ 17).

Plaintiffs contend that despite the defendant's denial, their loss was, in fact, covered by their homeowner's insurance policy. (Id. ¶ 23). Plaintiffs thus instituted the instant two-count complaint. Count I sets forth a cause of action for insurance bad faith pursuant to 42 Pa. Cons. Stat. Ann. § 8371. (Id. ¶¶ 18-27). Count II asserts a cause of action for breach of insurance contract. (Id. ¶¶ 28-33).

Plaintiffs filed their complaint in the Wayne County, Pennsylvania, Court of Common Pleas. Defendant filed a notice of removal to this court averring diversity jurisdiction. (Doc. 1-1, Not. of Removal, ¶¶ 9-10). After removing the case, the defendant filed a motion to dismiss pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed, bringing the case to its present posture.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332.  The plaintiffs are domiciled in and residents of Wayne, Pennsylvania.   Defendant State Farm is an Illinois corporation with a principal place of business in Bloomington, Illinois.  (Doc. 1, Not. of Removal ¶¶ 9-10). The amount in controversy exceeds $75,000.  (Id. ¶ 11). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

Defendants' filed their motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  When deciding a Rule 12(b)(6) motion, all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (internal quotation marks and citation omitted). The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Phillips v. Cnty. of Allegheny, 515 F.3d

3

224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

**Discussion**

Defendant moves to dismiss the bad faith count on the basis that the complaint merely makes "conclusory" allegations that provide insufficient factual averments to support a bad faith claim. It moves to dismiss the breach of contract claim on the basis that the policy includes a one (1) year suit limitation provision, and this lawsuit was commenced more than one year after the alleged breach of contract. We will address these issues separately.

**I. Motion to dismiss Count I, bad faith**

Count I of plaintiff's complaint asserts a statutory bad faith claim against the defendant. It alleges that defendant had no reasonable and sufficient basis to deny coverage. (Compl. ¶¶ 18-27.). Defendant argues

4

that Count I should be dismissed for insufficiency in its allegations.

Pennsylvania's bad faith statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. ANN. § 8371.

The statute does not define "bad faith." Pennsylvania courts, however, have adopted the following definition of "bad faith" on the part of an insurer:

> [A]ny frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty ( i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Prop. & Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct.1994) (quoting BLACK'S LAW DICTIONARY 139 (6th ed.1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F.3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky )).

5

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371. The courts apply a two-part test "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir.1997) (citing Terletsky, 649 A.2d at 688).

Here defendant argues that plaintiffs fail to sufficiently allege a bad faith claim because they merely state boiler-plate legal conclusions. Plaintiffs allege no facts to back up the conclusory legal statements according to the defendant. After a careful review of the complaint, we disagree.

Defendant based the denial of the claim on the conclusion that the water damage stemmed from rain water brought into the house by strong winds, and such damage was not covered by the policy. (Compl. ¶ 14; Compl. Ex. B, Denial of Coverage Correspondence).

According to the complaint, the loss was indeed covered as it was not caused by wind-driven rain. Rather, the damage was caused by a tree that fell and blocked a gutter on plaintiff's house. (Compl. ¶¶ 6-7). The rain gutter and tree worked as a funnel, directing the water into the house. (Id. ¶ 8). If not for the fallen tree, the water damage would not have

occurred. (Id. ¶ 15). The loss was thus covered, and defendant has no evidence that the loss is not covered. (Id. ¶ 24). Thus, defendant had no reasonable and sufficient basis to deny coverage. (Id. ¶ 26).

We find these facts to be sufficient to allege bad faith on the part of the defendant. Plaintiffs suffered significant damage to their house and made a claim under their homeowner's insurance policy. It can be inferred from the complaint that defendant ignored the real cause of the damage so that an exclusion of the policy would apply. Defendant knew the real cause of the damage and had no reasonable basis for denying the claim. Thus, the facts alleged in the complaint, and the inferences that can be derived therefrom, indicate that the defendant had no reasonable basis to deny the claim and knew that it had no such basis. These are the two elements that must be established for defendant to be liable for bad faith. See Klinger, 115 F.3d at 233. Accordingly, defendant's motion to dismiss the bad faith cause of action will be denied.

**II. Motion to dismiss Count II, breach of contract**

Next, defendant moves to dismiss Count II of the complaint which asserts a cause of action for breach of contract. Defendant's position is that the insurance policy provides a one-year limitation on bringing suit. The one-year period runs from the date the damage occurred. Plaintiffs instituted the instant action approximately fifteen months after the damage to the house occurred. Thus, suit is barred by the one-year suit limitation.

7

Plaintiffs raise two arguments in response to defendant's motion. First, plaintiffs raise a procedural argument. They argue that such a limitations defense is not properly a subject of a motion to dismiss, but should instead be raised as an affirmative defense. We disagree. The law in the Third Circuit is that such a defense may be raised in a motion to dismiss, but only if it is apparent from the face of the complaint that the limitations period has not been met. Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002). Defendant argues that the violation of the limitations period is clear from the face of the complaint. We are thus unconvinced by plaintiff's procedural argument.

Second, plaintiffs contend that we should find that the limitations period was not violated. Generally, contract actions have a four-year statute of limitations under Pennsylvania law. 42 PA. CONS. STAT. ANN. § 5525(a). The insurance contract at issue, however, establishes a shorter period of limitations. It provides a one-year limitation to bringing suit. Specifically, the policy states: "**Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." (Def. Ex. E, Policy at 14).

Such contract provisions are allowed under Pennsylvania law, which provides: "'It is well-settled that a contractual provision limiting the time for commencement of suit on an insurance contract to a period shorter than

8

that provided by an otherwise applicable statute of limitations is valid if reasonable.'" DiOrio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 660 (3d Cir. 1994) (quoting Lyons v. Nationwide Ins. Co., 567 A.2d 1100, 1102 (Pa. Super. Ct. 1989)).  Courts in the Pennsylvania state court system have determined that a one-year limitation is reasonable.  McElhiney v. Allstate Ins. Co., 33 F. Supp. 2d 405, 406 (E.D. Pa. 1999) (citing cases).

Here, plaintiffs argue that the "discovery rule" should apply and that the limitations period should not begin to run until the defendant denied their claim.  We are unconvinced.

Plaintiffs have cited no cases for the proposition that the discovery rule should apply in an insurance action where the limitations period has been shortened by a contract provision.  In fact, the Pennsylvania Supreme Court has rejected that proposition on at least two occasions.  See Lardas v. Underwriters Ins. Co., 231 A.2d 740 (Pa. 1967) and Gen. State Auth. v. Planet Ins. Co., 346 A.2d 265 (Pa. 1975).

General State Authority is illustrative of Pennsylvania law on this issue.  In that case, the insureds purchased an insurance policy that covered a building.  The policy contained a limitations period that required that suit be brought within twelve months from the inception of the loss. Gen. State Auth., 346 A.2d at 267.  The insureds' building burned down on January 2, 1969.  The insureds did not learn of the destruction of the building, however, until more than two years later on May 10, 1971.  Id.  It

argued that the limitations period should be computed from the date it first became aware of the loss. Id. at 268.

The court disagreed. It reasoned that the policy's limitation period ran from the "inception of the loss" which has nothing to do with the state of mind of the insured. Id. The loss occurs whether or not the insured knows of it. Id. The date of the loss is an objective fact, and the limitations period is triggered by that date. Id.

Similarly, in the instant case, the "date of loss" is an objective fact and does not refer to the insured or whether the insured had knowledge that the claim would be denied. Because we sit in diversity, we must apply the law as set forth by the Pennsylvania Supreme Court even where we feel the equities would necessitate a different result.

Accordingly, we will not apply the discovery rule. Rather, we will apply the term of the contract as written. The limitations period commenced on the date of the loss, September 7, 2011. (Compl. ¶ 6). The limitations period is one year. Thus, to be timely, this breach of contract action had to be commenced by September 7, 2012. The instant case was not instituted until December 28, 2012.[1] Thus, the limitations period was not complied with, and the breach of contract cause of action

---

[1]The parties dispute whether this action was initiated on December 28, 2012 or January 2, 2013. For purposes of our analysis we will adopt plaintiffs' position that the case was commenced on the earlier of the dates, that is December 28, 2012.

will be dismissed.  See Toledo v. State Farm Fire & Cas. Co., 810 F. Supp. 156 (E.D. Pa. 1992) (declining to apply discovery rule to a contractual limitations on suit clause).

**Conclusion**

For the reasons set forth above, the defendant's motion to dismiss will be granted in part and denied in part.  It will be denied with respect to the bad faith cause of action, and it will be granted with respect to the breach of contract action.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CONDI and TRACY CONDI,** | : | No. 3:13cv1100 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| **STATE FARM INSURANCE COMPANY,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 26th day of August 2013, the defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part as follows:

1) The motion is granted regarding Count II, breach of contract.

2) The motion is denied in all other respects.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**